IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CANDANCE FORD, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| COMMUNITY ACTION FOR | ) | |
| IMPROVEMENT, INC., | ) | |
| | ) | |
| Defendant. | | |

_____

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Candance Ford ("Plaintiff"), through undersigned counsel, and files this action against Defendant Community Action for Improvement, Inc ("Defendant") and for his Complaint shows the following:

### I.       Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

minimum wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant. Plaintiff seeks damages, attorney's fees, and costs under the FLSA for Defendant's unlawful retaliation against her. Plaintiff also brings discrimination and retaliation claims under the Americans with Disability Act of 1990 (hereinafter the "ADA").

## II.   <u>Jurisdiction and Venue</u>

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

### 4.

Defendant is a Georgia business and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) and 42 U.S.C. §2000(e)-5(f) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.   <u>Parties</u>

5.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Jennifer Corcione, 1380 Lafayette Parkway, LaGrange, GA 30240.

### IV.   <u>Factual Allegations</u>

8.

Plaintiff was employed as a Program Coordinator/ USDA Loan Packager for Defendant.

9.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA and a "qualified employee" as that term is defined by the ADA.

10.

On or around March 23, 2020, Plaintiff had a meeting with her supervisor, Patricia Woodyard, to express safety concerns about COVID-19 and request accommodation to work remotely because Plaintiff suffers from disabilities, of which Defendant had actual knowledge. In particular, Plaintiff suffers from anxiety, diabetes, and hypertension. Plaintiff is considered high-risk for COVID-19 complications.

11.

Plaintiff used her personal sick time from March 23, 2020 to April 1, 2020 because she was experiencing flu-like symptoms, which resulted in Plaintiff experiencing extreme anxiety and fear of COVID-19 complications. Plaintiff had a virtual appointment with her doctor who recommended that Plaintiff request the option to work remotely. Plaintiff submitted a doctor's note to Defendant.

12.

On or about April 1, 2020, Plaintiff attended an in-office mandatory staff meeting where she again made inquiries about the safety measures related to COVID-19 and the option to work remotely, which infuriated the Director, Jennifer Corcione.

4

13.

Following the meeting, all staff was allowed to work remotely from April 1, 2020 to April 24, 2020.

14.

On or about April 22, 2020 Plaintiff was asked by Defendant to return to the office, 2 days earlier than the scheduled return date for all staff. Plaintiff reiterated her concerns about COVID-19 safety measures, inquired about the measures that were implemented by Defendant, and the option to continue working remotely due to her disabilities.

15.

On or about April 27, 2020 Plaintiff was tested for COVID-19  due  to  her having flu-like symptoms. Plaintiff tested negative on or about April 30, 2020 but was advised by her doctor to continue to self-quarantine until May 11, 2020 because she still had flu-like symptoms.

16.

Defendant told Plaintiff that she could use her accrued vacation time to self-quarantine and that no other option was available for time off. Plaintiff returned to work on May 11, 2020 and was terminated shortly after by Defendant on May 15, 2020.

17.

Plaintiff was terminated in retaliation for requesting reasonable accommodation to work remotely and because of her inability to return to work in the office due to her doctor's advice to self-quarantine.

18.

At the time of her termination Plaintiff did not receive a reason for her termination. Defendant told Plaintiff that she would receive a final write up and a separation letter in the mail.

19.

Defendant is a covered employer under the FLSA and ADA.

20.

Defendant is a covered employer under the Emergency Paid Sick Leave Act ("EPSLA")

21.

Under the EPSLA, employers are prohibited from discharging, disciplining, or discriminating against any employee if the employee is unable to work because the employee has been advised to self-quarantine by a health care provider.

22.

Defendant's termination of Plaintiff violated the EPSLA, FLSA, and ADA.

23.

In terminating Plaintiff's employment and failing to provide Plaintiff with leave, Defendant violated FLSA's minimum wage provisions, interfered with Plaintiff's rights under the ADA, and retaliated against Plaintiff in violation of the FLSA and the ADA.

24.

At all times relevant to this action, Plaintiff suffered from serious health conditions and disabilities, as those terms have been defined by the ADA, of which the employer had knowledge.

25.

Any reason given for Plaintiff's termination is pretext for unlawful violations of the FLSA and the ADA.

26.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## **Count I**

## **Violation of the Minimum Wage Requirement of the Fair Labor Standards Act**

27.

Plaintiff repeats and re-alleges each and every allegation contained in the

7

preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

Plaintiff was an eligible employee under the FLSA and EPSLA.

29.

Defendant has violated the minimum wage provisions of the FLSA by failing to provide Plaintiff with two weeks of paid leave because the employee was unable to work as a result of her health care provider's advice to self-quarantine.

30.

Defendant knew or had reason to know that it was violating the EPSLA and FLSA by failing to provide Plaintiff with two weeks of paid leave.

31.

Defendant knew or showed reckless disregard for the fact that Defendant failed to pay Plaintiff minimum wage compensation in violation of the FLSA.

32.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid minimum wages, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with this claim.

## Count II

## Violation of 29 U.S.C. § 215(a)(3)
**(FLSA Retaliation)**

33.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

34.

Under the EPSLA, employers are prohibited from discharging, disciplining, or discriminating against any employee if the employee is unable to work because the employee has been advised to self-quarantine by a health care provider. An employer who violates the EPSLA's prohibition on discharging such employees is deemed to have violated FLSA's anti-retaliation provisions set forth at Section 15(a)(3) of the FLSA. With respect to such violations, the relevant enforcement provisions of sections 16 and 17 of the FLSA apply.

35.

Defendant terminated Plaintiff's employment in retaliation to her requesting paid leave, inquiring about the improper use of her vacation time, and for taking time off, to which she was entitled under FLSA and EPSLA.

36.

Defendant's actions, policies, and/or practices as described above violate the EPSLA and FLSA's anti-retaliation provisions.

37.

Defendant knew or showed reckless disregard for the fact its conduct violated the EPSLA and FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

38.

Defendant's violations of the EPSLA and FLSA were willful and in bad faith.

39.

Plaintiff engaged in statutorily protected activity under the EPSLA and FLSA.

40.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate Plaintiff.

41.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which she is entitled to recover from Defendant.

42.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**Counts III and IV**
**Violations of the Americans with Disability Act**
**(ADA Discrimination and Retaliation)**

43.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

44.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

45.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

46.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

47.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant termination of Plaintiff.

48.

Plaintiff's disabilities and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

49.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without reasonable accommodation.

50.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, and/or need for accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

51.

In terminating Plaintiff after she sought a reasonable accommodation of time to continue working remotely, Defendant retaliated against Plaintiff in violation of the ADA.

52.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

53.

As a result of Defendant's unlawful actions, Plaintiff has suffered, among other things, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant. Among other things, Plaintiff has suffered lost wages and emotional distress. Defendant's unlawful actions were willful and done in reckless disregard for Plaintiff's protected rights. Plaintiff is entitled to an award of punitive damages.

54.

Plaintiff is also entitled to job restoration or front pay in lieu thereof, as well as attorneys' fees and litigation expenses.

**WHEREFORE**, Plaintiff judgment as follows:

(a)      Special damages and/or liquidated damages for unpaid and lost wages and benefits and prejudgment interest thereon;

(b)      Compensatory damages, including emotional distress damages

solely as to Plaintiff's EPSLA/FLSA retaliation claim;

(c)      Reasonable attorney's fees and expenses of litigation;

(d)      Trial by jury as to all issues so triable;

(e)      Prejudgment interest at the rate allowed by law;

(f)      Declaratory relief to the effect that Defendant has violated

Plaintiff's statutory rights;

(g)      All equitable relief available under the FLSA and ADA,

including injunctive relief of reinstatement, or front pay in lieu

thereof, and prohibiting Defendant from further unlawful

conduct of the type described herein; and

(h)      All other relief to which he may be entitled.


This 17th day of September 2020.

                                        **BARRETT & FARAHANY**

                                        /s/ Nikeisha A. Bradley
                                        Nikeisha A. Bradley
                                        Georgia Bar No. 468749
                                        Attorney for Plaintiff

1100 Peachtree Street NE, Suite 500
Atlanta, GA 30309
(470) 284-7265
(404) 214-0125 facsimile
Nikki@JusticeAtWork.com